IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JAMES DARNELL BLACK,** | CASE NO. 3:20 CV 2869 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **MATTHEW CRONE, et al.,** | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

### INTRODUCTION

*Pro se* Plaintiff James Darnell Black, a pretrial detainee in the Ottawa County Jail, filed this action under 42 U.S.C. § 1983 against Ottawa County Jail Sergeant Matthew Crone, the Ottawa County Sheriff's Department, and Erie County Health. (Doc. 1). In the Complaint, he alleges he was unfairly charged with misdemeanor assault after he was attacked by other detainees. He also alleges he was denied mental health medications. He asserts claims of false arrest and malicious prosecution against Sergeant Crone and claims of deliberate indifference to medical needs against Erie County Health. He indicates his claims against the Ottawa County Sheriff's Department are based on a theory of *respondeat superior*. He seeks an order requiring mental health medication be provided, immediate release from disciplinary detention, and monetary damages to be determined at a later date.

On April 5, 2021, Plaintiff filed a Motion to Amend Complaint. (Doc. 8). Although he entitles it a "Motion to Amend", it appears – based on the separate allegations contained therein – Plaintiff seeks to supplement his original Complaint rather than to supersede it by amendment. The Court therefore construes this as a motion to supplement Plaintiff's original complaint and grants that Motion.

In this supplemental pleading, Plaintiff adds Ottawa County Assistant Prosecutor Thomas Matuzak, Ottawa County Sheriff's Detective Aaron Leis, and the Ottawa County Prosecutor's Office as Defendants. Plaintiff asserts Matuzak charged him with violations of Ohio's Racketeer Influenced Corrupt Organizations Act ("RICO") as well as burglary; he alleges Matuzak has and is attempting to get similar cases from other counties transferred to Ottawa County for prosecution. He contends Leis is assisting Matuzak in these actions. He further asserts claims of false arrest against these two Defendants. Finally, Plaintiff additionally indicates he brings suit against the Ottawa County Prosecutor's Office and the Ottawa County Sheriff's Office for these actions under a theory of *respondeat superior*.

## BACKGROUND

Burglary Charges and Medication Issues

On October 15, 2020, Plaintiff was arrested by Columbus police and charged with burglary and a theft offense that occurred at Riverside Hospital in Columbus. Also in October 2020, the Ottawa County Grand Jury indicted Plaintiff on burglary charges. The Franklin County Municipal Court dismissed the charges against him; Plaintiff was transferred to Ottawa County on October 27, 2020 and arraigned in Ottawa County Common Pleas Court the following day.

Plaintiff alleges that when he arrived at the Ottawa County Jail, he informed medical staff of the mental health medications he was taking prior to his arrest. He contends staff refused to give him those medications or other similar medications. The jail medical department is staffed by Erie County Health. Plaintiff indicates he made numerous attempts to get the medications and reported suffering symptoms of depression and suicidal ideation, but medical staff did not provide medication. He appears to bring a claim of deliberate indifference to serious medical

needs against Erie County Health under a theory of *respondeat superior* liability for its staff's failure to provide medication.

Assault Charges

Plaintiff further alleges that on December 10, 2020, he was sitting in the jail dayroom watching television when he was attacked by two other inmates. He indicates he did nothing to provoke the assault and took "necessary measures to stop the physical attack"; he does not elaborate on "necessary measures". (Doc. 1, at 5). He alleges that as a result of his response to the attack, he was charged with misdemeanor assault. He contends he was acting in self-defense and should not have been charged. He asserts claims against Sergeant Crone for false arrest and malicious prosecution.

RICO Charges

In January 2021, Plaintiff was indicted by the Ottawa County Grand Jury on charges of engaging in a pattern of corrupt activity (Ohio's RICO statute) based on numerous theft and burglary offenses committed throughout the state. He alleges Ottawa Assistant Prosecutor Thomas Matuzak brought these charges in an attempt to get jurisdiction and venue to prosecute all of the other criminal theft offenses. He claims Matuzak and Sheriff's Detective Aaron Leis conspired with other county prosecutors to bring the cases in one court. He contends Matuzak has a conflict of interest because he should know Ottawa County lacks jurisdiction to prosecute crimes that occurred in Stark County, Summit County, Huron County, Franklin County and Erie County. He does not specify the legal claim he is attempting to assert against Matuzak or Leis. He indicates that the Ottawa County Prosecutor's Office and the Ottawa County Sheriff's Departments are sued under a theory of *respondeat superior*.

## STANDARD OF REVIEW

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

**DISCUSSION**

*Respondeat Superior*

Plaintiff asserts claims under a theory of *respondeat superior* liability against the Ottawa County Sheriff's Department, Erie County Health, and the Ottawa County Prosecutor's Office. As an initial matter, the Ottawa County Sheriff's Department and the Ottawa County Prosecutor's Office are not proper parties. Neither a county sheriff's department nor a county prosecutor's office are *sui juris*, meaning they are not legal entities that can sue or be sued. *See Batchik v. Summit Cty. Sheriff's Dep't*, 1989 WL 26084, at *1 (Ohio Ct. App.); *Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued); *Rose v. Cuyahoga Cty. Prosecutor's Office*, 2019 WL 2451642, at *1 (N.D. Ohio) (citing *Lenard v. City of Cleveland*, 2017 WL 2832903, at *2 (N.D. Ohio) (under Ohio law, county prosecutor's office is not a legal entity capable of being sued)). They are merely subunits of Ottawa County and cannot be sued as separate entities.

Even if the claims against the Sheriff's Department and the Prosecutor's Office are construed against Ottawa County itself, Plaintiff cannot proceed with his claims under a theory of *respondeat superior* liability. As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694. A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id*. at 690; *DePiero v. City of Macedonia*, 180 F.3d

5

770, 786 (6th Cir. 1999). Plaintiff's Complaint contains no suggestion of a custom or policy of Ottawa County which deprived him of a federally protected right. *See* Doc. 1.

This analysis also applies to the claims asserted against Erie Health as an entity[1]. Like a municipality, a private government contractor cannot be held liable in a civil rights action for the actions of its employees on a *respondeat superior* theory. *Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005). The difference, however, is that a private contractor is liable for a policy or custom of that private contractor, rather than a policy or custom of the municipality. *Id*. As with his claims as construed against Ottawa County, Plaintiff similarly does not allege a custom or policy of Erie Health that deprived him of a constitutional right.

Malicious Prosecution

Plaintiff next asserts a claim of malicious prosecution against Sergeant Matthew Crone. He contends Crone caused him to be arrested and charged with assault after he defended himself from an attack by another inmate. He says he acted in self-defense and should not have been charged.

First, the Constitution does not guarantee that only the guilty will be arrested or charged in a criminal complaint. *Baker v. McCollan*, 443 U.S. 137, 145 (1979). Plaintiff's allegation that he was not guilty of assault, alone, does not state a federal constitutional claim. *Id*. at 145.

Second, a claim of malicious prosecution arises under the Fourth Amendment. To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, however, Plaintiff must plead

---

1. Unlike his claims against the Ottawa County Sheriff's Department and the Ottawa County Prosecutor's Office, Plaintiff does not expressly identify his claims against Erie Health as based on *respondeat superior*. *See* Doc. 1, at 3 (asserting Erie Health "is being sued in its official capacity for its failure to provide the plaintiff Mr. Black with his prescribed mental health medications."). However, the Complaint can only be read to assert the claims against Erie Health as based on *respondeat superior* liability for the actions of the Erie Health medical employees who allegedly failed to provide Plaintiff his medication.

and prove the following elements. First, he must show that a criminal prosecution was initiated against him and that the defendant "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010). Second, because a § 1983 claim is premised on the violation of a constitutional right, Plaintiff must show that there was a lack of probable cause for the criminal prosecution. *Id*. Third, Plaintiff must show that, "as a consequence of a legal proceeding," he suffered a "deprivation of liberty," as understood in Fourth Amendment jurisprudence, apart from the initial seizure. *Id*. Fourth, the criminal proceeding must have been resolved in the Plaintiff's favor. *Id.*

Here, Plaintiff does not allege sufficient facts to state a claim for malicious prosecution. He indicates only that the other inmate initiated an attack and that he took steps he believed were necessary to end the physical altercation. Although the municipal court docket indicates the charges were eventually dismissed, Plaintiff does not meet the other criteria to state a claim. Plaintiff's Complaint contains no facts indicating Crone made or influenced the decision to prosecute Plaintiff or that he was charged without probable cause. Furthermore, Plaintiff was already incarcerated when the incident occurred, so he was not deprived of liberty as a consequence of the legal proceeding. Absent additional information, he has not stated a plausible claim for relief.

Claims against Matuzak and Leis

Plaintiff does not specify the legal claim he is attempting to assert against Matuzak or Leis and none is apparent from the face of the Complaint or his supplemental pleading. *See* Docs. 1, 8. To meet federal notice pleading requirements under Federal Rule of Civil Procedure 8, the Complaint must give a defendant fair notice of what the plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426,

7

437 (6th Cir. 2008). While the Court liberally construes pleadings of *pro se* litigants, it cannot assist with asserting claims that are not stated. Plaintiff provides information concerning the charges Matuzak brought against him and asserts these were "baseless and manufactured" (Doc. 8, at 2-3); however, he fails to identify a legal cause of action against Matuzak or against Leis. This does not meet the basic notice pleading requirements.

Furthermore, even if Plaintiff had identified a cause of action, it is evident from the pleading that Plaintiff's challenges are directed at his *current* criminal prosecution under Ohio's RICO statute. The *Younger* abstention doctrine counsels a federal court to abstain from adjudicating a matter properly before it in deference to ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). A district court should abstain if three criteria are met: (1) the state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The first condition for the application of abstention is that the state proceeding must be pending on the day the plaintiff sues in federal court. *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 969 (6th Cir. 1991). The state court docket indicates the criminal case was pending when Plaintiff brought his claims before this Court, and remains pending. The second condition for *Younger* abstention is that the state has a substantial, legitimate interest in the kind of state proceeding at issue. *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 365 (1989). State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442

U.S. 415, 430 (1979). The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co. v. Texaco, Inc*., 481 U.S. 1, 14 (1987). When a plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Id.* at 15. Here, Plaintiff has not shown any claims he attempts to assert in this federal lawsuit against Matuzak or Leis are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against Plaintiff.

False Arrest

Plaintiff's only remaining claim is one for false arrest asserted against Crone. False arrest is a tort claim that arises under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id*. Having dismissed Plaintiff's federal law claims, this Court declines to exercise jurisdiction over Plaintiff's remaining state law claim.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is hereby

ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e); and the Court

CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                     s/ *James R. Knepp II*
                                                     UNITED STATES DISTRICT JUDGE